■ VIVIAN ABRAMOWITZ v CHRYSLER CORPORATION et al.—Motion for reargument or for leave to appeal to the Court of Appeals denied in all respects with $20 costs. An appeal may be taken to the Court of Appeals as of right where the order of the Appellate Division grants a new trial upon stipulation by appellant to judgment absolute upon affirmance (CPLR 5601, subd [c]; *776 South Orange Ave. v Phoenix Ins. Co.,* 42 AD2d 890). Concur— Lupiano, J. P., Lane, Markewich and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v JAMES SPIVEY, Respondent-Appellant.—Motion by the People for reargument of the appeal from the judgment dated June 11, 1976 and cross motion by defendant to modify the decision of this court dated February 7, 1978 [61 AD2d 740], to provide for dismissal of the indictment in lieu of a remand to the trial court for further proceedings. Cross motion denied. Reargument granted and upon reargument the court adheres to its prior decision. While the court stated (p 741) in the original decision that this case "is substantially on all fours with *People v McLaurin,* 56 AD2d 80" we are not persuaded that the reversal by the Court of Appeals in *People v McLaurin* (43 NY2d 902) mandates reversal here. Our reliance on *McLaurin* simply highlighted that suppression was mandated on the much stronger facts at bar. Here, the police cannot be said to have acted reasonably where, unlike *McLaurin,* they confronted defendant, blocks from the address given on the radio, defendant bore no distinguishing features of dress, physique or bearing and defendant approached the patrol car openly and voluntarily rather than furtively or suspiciously. We previously considered the nature of the disposition following suppression and, in view of the possibility of additional evidence to support the indictment, we decided to remand rather than dismiss. Defendant will have the opportunity to seek dismissal after the remand. Hence, we have denied the cross motion. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.